**IT IS ORDERED as set forth below:**

**Date: December 12, 2017**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| MORRIS DEANE JOHNSON, | : | BANKRUPTCY CASE |
| | : | 16-64555-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| EDGEFIELD HOLDINGS, LLC, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-05063-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MORRIS DEANE JOHNSON, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

### **ORDER**

Before the Court is the Motion for Sanctions, filed by Edgefield Holdings, LLC ("Plaintiff") in the above-captioned adversary proceeding (the "Motion"). The Motion arises in connection with a complaint filed by Plaintiff against Morris Deane Johnson

("Defendant") to determine the dischargeability of a particular debt and to object to the entry of Defendant's Chapter 7 discharge (the "Complaint").

## PROCEDURAL HISTORY

Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 19, 2016. Case No. 16-64555-LRC. On October 13, 2016, Plaintiff filed a motion for an order directing Defendant to appear for a Rule 2004 Examination. Case No. 16-64555-LRC, Doc. No. 11. The Court granted Plaintiff's request by order dated October 26, 2106. Case No. 16-64555-LRC, Doc, No. 15. Defendant alleges that he appeared for the Rule 2004 examination requested by Plaintiff and produced a number of documents.

Plaintiff filed the Complaint on March 17, 2017. On June 12, 2017, Plaintiff served Defendant with Plaintiff's First Requests for Production of Documents to Defendant (the "Requests to Produce") and First Interrogatories to Defendant (the "Interrogatories", collectively with the Requests to Produce, the "Discovery Requests"). Although Defendant responded to the Discovery Requests on July 12, 2017, Plaintiff asserts that the responses were deficient because: (1) Defendant failed to produce any of the requested documents; (2) Defendant's responses to the Interrogatories were not verified; and (3) Defendant's responses to the Interrogatories "were either deficient,

2

incomplete, and/or . . . totally failed to respond to the individual requests contained therein."

On July 19, 2017, Plaintiff's counsel e-mailed and mailed a letter to Defendant, making what Plaintiff characterizes as "a good faith effort to resolve this discovery dispute without court intervention in compliance with Fed. R. Bankr. P. 7037, Fed. R. Civ. P. 37(d)(1)(B), and BLR 7037-1(a)" (the "Good Faith Letter"). Plaintiff contends that: (1) in the Good Faith Letter, Plaintiff requested that Defendant promptly contact counsel for Plaintiff by 5:00 p.m. on July 21, 2017, to resolve the discovery dispute; (2) Defendant's counsel e-mailed Plaintiff's counsel on July 21, 2017, requesting a teleconference on July 24, 2017; and (3) Plaintiff's counsel stated that he was available for same, but Defendant's counsel has failed to call or contact Plaintiff regarding the discovery dispute since that date.

On July 25, 2017, Plaintiff filed the Motion, seeking the Court's intervention regarding the discovery dispute. Plaintiff seeks sanctions, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7037 of the Federal Rules of Bankruptcy Procedure. Specifically, Plaintiff seeks an order "imposing sanctions against Defendant for his failure to respond to the Discovery Requests, including, but not limited to, striking his Answer and rendering default judgment against

3

Defendant, and (b) ordering Defendant to pay the Plaintiffs'[sic] reasonable expenses for bringing this motion, including attorneys' fees."

Defendant opposes the relief sought by Plaintiff on the basis that: (1) Plaintiff failed to make a good faith effort to confer with Defendant regarding the Discovery Requests; (2) Defendant's responses to the Interrogatories were not improper because certain of the Interrogatories sought information upon which Defendant had already testified under oath or was otherwise irrelevant; (3) Defendant's failure to verify his responses to the Interrogatories is not a sufficient basis to sanction Defendant, especially given the fact that Defendant served a verification of the Interrogatories upon Plaintiff on August 22, 2017; and (4) Plaintiff has not submitted any evidence as to the amount of any fees incurred in filing the Motion.

In reply, Plaintiff asserts that it did attempt to confer in good faith with Defendant, but Defendant failed to respond to Plaintiff's attempt to set up a conference call. Plaintiff also reiterates that the information sought by Plaintiff through the Interrogatories is relevant. Finally, in response to Defendant's last grounds for opposing the relief, Plaintiff filed an affidavit stating that Plaintiff is requesting $1,785 in attorney's fees and that counsel has spent 7.2 hours of attorney time with regard to the Motion at hourly rates of $325 and $275. Plaintiff also argues that Defendant's failure to produce any documents

4

in response to the Requests to Produce is a sufficient basis, standing alone, to sanction Defendant and award attorney's fees to Plaintiff.

## CONCLUSIONS OF LAW

"Rule 37 provides somewhat different remedies for discovery violations depending on whether those violations occur due to a party's failure to respond to discovery requests, in the context of an order granting or denying a discovery motion, or when a party disobeys a discovery order." *Nukote Int'l, Inc. v. Office Depot, Inc.*, 2015 WL 71566, at *8–10 (S.D. Fla. Jan. 6, 2015). Pursuant to Rule 37(a), if a party moves to compel compliance with a discovery request and the Court grants the motion, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant failed to confer in good faith prior to filing the motion, the respondent's conduct was substantially justified, or other circumstances make an award of expenses unjust. *See* FED. R. CIV. P. 37(a).

When a party fails to comply with an order compelling discovery, an opposing party may move under Rule 37(b), which provides that the Court may "issue further just orders," including: (1) directing that the matters embraced in the order or other designated

facts be taken as established for purposes of the action, as the prevailing party claims; (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in whole or in part; (4) staying further proceedings until the order is obeyed; (5) dismissing the action or proceeding in whole or in part; (6) rendering a default judgment against the disobedient party; or (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.  "Instead of or in addition to the orders above, the [C]ourt must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2).

Under Rule 37(d), the Court "may, on motion, order sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.  FED. R. CIV. P. 37(d). Under this provision, the Court may order the same sanctions as those provided for in Rule 37(b)(2), including the mandatory award of the moving party's "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  *Id.*

6

The Court may not order sanctions under Rule 37(d), however, unless the movant includes in its motion "a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." *Id.*

In this case, Plaintiff asks the Court to sanction Defendant for his failure to respond fully to the Discovery Requests by striking Defendant's answer and rendering a default judgment against Defendant in favor of Plaintiff. The Court may impose such sanction under Rule 37(b) or 37(d). As Plaintiff has never moved the Court to compel Defendant to comply with the Requests for Production or to answer the Interrogatories under Rule 37(a),[1] the sanctions provided for in Rule 37(b) are not available to Plaintiff.

Although the sanction Plaintiff requests is available under Rule 37(d), Rule 37(d) does not apply here because Plaintiff has not shown that Defendant failed "to serve [his] answer, objections, or written responses." According to Exhibit B attached to the Motion, Defendant did in fact serve Plaintiff with timely written responses to both the Interrogatories and the Requests to Produce. *Accord Swofford v. Eslinger*, 2009 WL 1025223, at *2 (M.D. Fla. Apr. 14, 2009) ("Rule 37(d) is another possibility, but that is

---

[1] The Motion is captioned "Plaintiff Edgefield Holdings, LLC's Motion for Sanctions and Memorandum of Law in Support Thereof. Although the body of the Motion mischaracterizes the caption of the Motion as Plaintiff's "Motion for Sanctions and/or to Compel Discovery," the Motion seeks only a sanction and payment of attorney's fees and relies only upon Rule 37(d).

7

directed toward among other things, a failure to serve a written response to a Request for Inspection under Rule 34. Here, there is no dispute that Defendants served a written response. It is the adequacy of the production and not the response that is at issue.") (citing *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) ("[Plaintiff] could have filed a motion to compel that would have enabled the district court to address the problems of which he complained. Instead, he waited and filed a motion for sanctions, contributing to the problem.").

Plaintiff asserts that Defendant's responses were evasive and incomplete, but that does not mean that they were not responses, at least for purposes of Rule 37(d). *See Zipperer v. Premera Blue Cross Blue Shield of Alaska,* 2017 WL 2176518, at *1 (D. Alaska May 14, 2017) (stating that Rule 37(d) "applies where a party takes no action whatsoever in response to properly-served discovery requests," and does not apply when a party responds "to a discovery request with an objection instead of an answer"); *Pringle v. Garcia*, 2013 WL 1911484, at *4 (N.D. Ind. May 8, 2013) (noting that, unlike Rule 37(a)(4), evasive or incomplete responses are not treated as failures to respond or answer under Rule 37(d)"); *see also Stewart v. Cox*, 2015 WL 9296457 (W.D. Wisc. Dec. 18, 2015) ("Because a party who serves objections or what purport to be answers has not completely failed to respond, a motion for sanctions [under Rule 37(d)] is

8

inappropriate.")(citing Moore's Federal Practice § 37.02[4] (3d ed. 2015)); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc*., 250 F.R.D. 203, 220–21 (E.D. Pa. 2008) ("[Rule 37](d) is inapplicable if the party has served answers to interrogatories but the answers are thought to be incomplete or evasive.'"); *Fox v. Studebaker-Worthington, Inc*., 516 F.2d 989, 995 (8th Cir. 1975) ("Rule 37(d) sanctions only apply where there is a total non-compliance with discovery"; "Defendants' remedy for incomplete or otherwise objectionable answers to interrogatories . . . was to file a motion under Rule 37(a) for an order requiring plaintiffs to answer and to produce documents for evidence"); *Fleet Nat. Bank v. Tellier*, 171 B.R. 478, 484 (D.R.I. 1994) ("'[T]he power to impose sanctions for failure to produce all the documents requested or to respond fully to the interrogatories cannot be found in Rule 37(d), F.R.Civ.P., if answers or objections have been filed to the interrogatories or if a written response has been filed to a request for production of documents.'").

"In other words, the proper course of action here would have been for [Plaintiff] to file a motion to compel under Rule 37(a). . . ." *New Horizont, Inc.*, 250 F.R.D. at 221. "Thus, because [Plaintiff has] confused Rule 37(a) and Rule 37(d), two provisions authorizing sanctions intended to remedy two distinct discovery violations, the request for sanctions under Rule 37(d) will be denied." *Id*.

The Court further notes that, had it been necessary to determine whether Plaintiff made a good faith effort to confer with Defendant regarding his objections to the Discovery Requests, the Court would have been inclined to agree with Defendant that Plaintiff's attempt to confer was not sufficient.  Although Plaintiff clearly made an effort to confer, the Court is not persuaded that it was made in good faith in the spirit of the good faith requirement.  It does not appear that Plaintiff's counsel made even one follow-up attempt, via telephone or even by e-mail, to contact Defendant's counsel about scheduling a conference call.

In any event, regardless of whether Defendant's counsel or Plaintiff's counsel was responsible for the failure of counsel to actually meet and confer, the fact remains that counsel have not met and conferred.  The purpose of this requirement is to prevent the Court from having to consider disputes that could have been easily and more quickly resolved by the parties without court intervention.  *See Robledo v. Taylor*, 2016 WL 7385007, at *3 (D. Ariz. Dec. 21, 2016) ("Federal Rule 37(d)(1)(B) serves a valuable purpose in reminding parties that the role of a federal court is not to micromanage all disputes between parties during discovery.").  Both parties have allowed this case to languish in the discovery phase for months, waiting for the Court's schedule to permit it to resolve a dispute that likely could have been resolved or at least significantly narrowed

had counsel simply discussed these issues in person or even over the telephone.

For the reasons stated above, the Motion is **DENIED** without prejudice to Plaintiff's right to file a motion to compel if appropriate after the parties' counsel have conferred in a good faith effort to determine whether this dispute can be resolved.

## END OF DOCUMENT

**Distribution List**

**Beth E. Rogers**
Rogers Law Offices
Suite 1950
100 Peachtree Street
Atlanta, GA 30303

**Morris Deane Johnson**
408 Woodstone West Dr.
Marietta, GA 30068

**Michael D. Robl**
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084